# In the United States Court of Federal Claims

Case No. 09-503L
(FILED: July 10, 2012)
**TO BE PUBLISHED**

```
*******************************************************
                                          *
WILMA N. ADKINS, et al.,                  *
                      Plaintiffs,         *
                                          *
                                          *
       v.                                 *
                                          *
                                          *
THE UNITED STATES OF AMERICA,             *
                      Defendant.          *
                                          *
*******************************************************
```

Rails-to-trails; condemnation followed by deed; scope of the easement; easement limited to railroad purposes; fee simple conveyance; unlimited easement; adjacency requirement; extent of takings liability.

**Thomas Scott Stewart,** Baker, Sterchi, et al., Kansas City, MO, attorney of record for the Plaintiff.

**Frank James Singer,** U.S. Department of Justice, Washington, D.C., attorney of record for the Defendant.

**Amelia Moorstein,** Law Clerk.

## OPINION

**BASKIR, Judge.**

Plaintiffs are 55 landowners collectively owning 99 parcels of land (92 of which are at issue here) located in Polk County, Iowa.  Plaintiff moves for summary judgment under Rule 56 of the Rules of the U.S. Court of Federal Claims (RCFC), alleging that the Surface Transportation Board's (STB) issuance of a Notice of Interim Trail Use (NITU) amounts to a taking of their property under the Fifth Amendment.  Defendant also moves for summary judgment, disputing the application of various source deeds to the parcels at issue, the adjacency of various parcels to the land at issue, and the nature of the railroad's and plaintiffs' property interest in the land at issue.

After reviewing the parties' submissions, we grant plaintiffs' motion in part, deny plaintiffs' motion in part, grant defendant's motion in part, and deny defendant's motion in part for the reasons discussed below.  We also dismiss those claims that plaintiffs have agreed to dismiss.

## BACKGROUND

I.   General Rails-to-Trails Background

This is a rails-to-trails case.  The court will briefly summarize the statutory context of this litigation.

Congress enacted section 1247(d) of the National Trails System Act (Trails Act) in an effort to preserve railroad corridors for possible future rail use by preempting state abandonment law.  *Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 7-8 (1990) (citing National Trails System Act Amendments of 1983, Pub. L. No. 98-11, § 208(d), 97 Stat. 42, 48 (codified as amended at 16 U.S.C. § 1247(d))).

Pursuant to its rule-making authority, the STB published regulations concerning abandonment of and discontinuance of service over rail lines, including regulations relating to railbanking pursuant to section 1247(d).  49 C.F.R. §§ 1152.1-1152.60.  To pursue regulatory abandonment or discontinuance of service over a rail line, rail operators must file an application for abandonment or discontinuance with the STB.  49 U.S.C. § 10903; 49 C.F.R. § 1152.20 (establishing the regulatory framework for abandonment/discontinuance application).  In certain circumstances, a rail operator may initiate proceedings for exempted abandonment or discontinuance.  49 C.F.R § 1152.20.

After a railroad initiates an abandonment or exempted abandonment proceeding, a state, political subdivision, or qualified private organization may submit a petition in that proceeding indicating its interest in acquiring or using the subject rail corridor for interim use and railbanking under section 1247(d).  *Id.* § 1152.29(a).  If the rail operator agrees to negotiate an interim trail use agreement with the proposed trail operator, the STB must issue a NITU.  *Id.* § 1152.29(d).  The NITU suspends the railroad's initial proceedings and provides a 180-day window for the rail operator and third party to negotiate an interim trail use agreement.  *Id.*

If the parties enter into an interim trail use agreement, the abandonment proceedings are suspended and rail service is discontinued.  Interim trail use under that agreement "shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes."  16 U.S.C. § 1247(d).  If no railbanking agreement is reached, the rail operator may abandon the rail line, subject to the satisfaction of any other conditions of abandonment.  49 C.F.R. § 1152.29(d)(1).

II.   Factual Background

The following facts are taken from the parties' filings and are undisputed except where noted.

Beginning in the late 1880's, a combination of different railroad companies obtained property rights in conjunction with their construction of segments of the railroad corridor at issue.  The primary railroad constructor for the parcels in this suit was Des Moines & Minnesota Railroad Company (Des Moines Railroad).  Des Moines Railroad obtained property rights through its own name as well as through Martin L. Sykes.  Iowa and Minnesota Railway Company (Iowa Railway) also obtained property rights for a portion of the rail corridor.  The railroads acquired the property both through condemnation and deeds.

Union Pacific Railroad Company ("Union Pacific") became the successor-in-interest to this rail line.  Union Pacific filed a combined environment and historical report concerning the relevant rail corridor on June 3, 2003, and filed with the STB a petition for exemption from formal abandonment proceedings on July 16, 2003.  On August 7, 2003, Iowa National Heritage Foundation filed a petition with the STB indicating that it was interested in negotiating a trail use agreement with Union Pacific and requesting that the STB issue a NITU rather than an outright abandonment authorization between milepost 10.7 near Ankeny, Iowa, to milepost 341.1 near Slater, Iowa.

On August 11, 2003, Union Pacific responded to the Iowa National Heritage Foundation's August 7 petition by stating that it had no objection to a standard public use condition and by expressing its willingness to negotiate a possible interim trail use agreement.  The STB issued its NITU on September 3, 2003.  The STB authorized extensions of the time afforded for negotiating an interim trail agreement.  The trail use agreement and sale of the rail corridor was finalized on December 13, 2005.

Plaintiffs filed a complaint on August 3, 2009, and later filed first amended and first corrected amended complaints to include other plaintiffs.  The final list of plaintiffs includes 55 landowners collectively owning 99 parcels of land located in Polk County, Iowa -- this motion is filed with respect to 92 parcels.  Plaintiffs allege that the STB's issuance of a NITU amounts to a taking of their property under the Fifth Amendment.

## DISCUSSION

I.   <u>Legal Standard</u>

Summary judgment is appropriate where there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  RCFC 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A genuine issue is one that "may reasonably be resolved in favor of either party."  *Anderson,* 477 U.S. at 250.  A fact is material if it "might affect the outcome of the suit."  *Id.* at 248.  The moving party bears the burden of establishing the absence of any material fact, and any doubt over factual issues will be resolved in favor of the non-moving party.  *Mingus Construcotrs, Inc. v. Unites States,* 812 F.2d 1387, 1390 (Fed. Cir. 1987) (*citing*

*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) and *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985)).

Once the moving party meets its initial burden, the non-moving party may not rely merely on allegations of denials in its own pleading.  *See* RCFC 56(c)(1).  If the moving party meets its initial burden, the non-moving party, through affidavits or as otherwise provided in RCFC 56, must set forth specific facts showing a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (applying Fed. R. Civ. P. 56).  In evaluating motions for summary judgment, courts must draw any inferences from the underlying facts in the light most favorable to the non-moving party and may not engage in credibility determinations or weigh the evidence.  *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).


II.     Rails-To-Trails Litigation History

The *Preseault* cases establish the framework for analyzing a takings claim pursuant to the Trails Act.  In *Preseault v. Interstate Commerce Comm'n*, the Supreme Court examined the history and purpose of the Trails Act, the constitutionality of the Trails Act, and the proper vehicle for property owners to receive just compensation for a taking under the Trails Act.  *Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1 (1990) ("*Preseault I*").  The court held that the Tucker Act provides jurisdiction to the Court of Federal Claims and is the proper remedy to recover damages for a taking pursuant to operation of the Trails Act.  *Id.*

The court in *Preseault I* also stated that state property laws dictate whether the railroad held an easement or fee interest, and thus, dictated the nature of the property interests held by property owners.  *Id.* at 8.  Under section 8(d) of the Trails Act authorizing issuance of a NITU, Congress intentionally prevented easement property interests from reverting to adjacent property owners under state law that would occur absent the Trails Act.  *Id.*

In *Preseault v. United States*, the Federal Circuit laid the foundation and set forth the requirements for a compensable taking by operation of the Trails Act.  *Preseault v. United States,* 100 F.3d 1525 (Fed. Cir. 1996) ("*Preseault II*").  The court held that authorization of conversion of a railroad right-of-way to a public recreational trail by the Trails Act constituted a taking of the property of the owners of the underlying fee simple estate.  The court set forth a test for determining whether a plaintiff is due just compensation: First, the court must determine whether the railroad held an easement or held the land in fee simple; if the terms of the easement limited it to use for railroad purposes, the authorization for future use as a public recreational trail constituted a taking.  If the scope of the railroad's easements were broad enough to encompass trail use, a taking still occurred if the easements were abandoned prior to NITU.  *Id.* at 1533.

III.   The Court's Table

The parties dispute certain attributes of the parcels that would be determinative as to whether the government is liable for a Fifth Amendment taking.  The claimants are laid out in numerical order in the table below.  Next to each claimant, the court has summarized each party's position and the conclusion that the court has ultimately reached for each claimant.  The reasoning for the court's decision is discussed in further detail in the following sections.  Where the defendant has asserted several theories to preclude takings liability, the court has only noted the chief argument that persuaded the court to enter judgment for defendant.

| Claimant Name and Number | Plaintiff Position | Defendant Position | Court Holding |
|---|---|---|---|
| 1. William & Paula Eichinger | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the John Witner deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 2. Michael Staab & Deborah K. McKittrick | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the John Witner deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 3. | Dismiss | Dismiss | Dismiss |
| 4. | Dismiss | Dismiss | Dismiss |
| 5. Charles L. & Cynthia Cannon | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |

| 6. Frank R., Jr. Martin | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
|---|---|---|---|
| 7. Robert L. & Patricia A. Peters | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 8. Todd E. & Susan L. Johnson | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 9.  Hope Church of the Nazarene | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 10. Clifford & Kari Suhr | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 11. David E. & Cynthia L. Brooner | When a condemnation was followed by a deed, | The condemnation is irrelevant.  The court must look at | DENY plaintiffs' Motion and GRANT |

| | the railroad was granted an easement limited to railroad purposes. | the deed only, and the James Irvine deed granted the railroad fee title. | defendant's Motion |
|---|---|---|---|
| 12. Ronald E. Pinyan & Catherine Anderson | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 13. Christopher David Feldhacker | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 14. Branko & Jadranka Todorovic | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 15. Floyd W. & Patricia A. Cooke | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 16. David M. & Christine L. Chongo | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 17. Michael R. & | When a | The condemnation | DENY plaintiffs' |

| | | | |
|---|---|---|---|
| Jane L. Nieland | condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | Motion and GRANT defendant's Motion |
| 18. Peter R. & Renita R. DiDonato | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 19. Michael & Lisa Beving | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 20. Ronnie L. & Deborah A. Smith | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 21. Bob J. & Pamela J. Ballard | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 22. Doug Smelling | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |

| 23. | Dismiss | Dismiss | Dismiss |
|---|---|---|---|
| 24. Boyce L. Lange Living Trust, Boyce L. Lange, Trustee | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 25. Clayton W. & Gayle L Lindstrom | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 26. Clayton W. & Gayle L. Lindstrom | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 26A. MLSK, LLC | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 26B. MLSK, LLC | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 26C. MLSK, LLC | When a condemnation was followed by a deed, the railroad was | The condemnation is irrelevant.  The court must look at the deed only, and | DENY plaintiffs' Motion and GRANT defendant's Motion |

| | granted an easement limited to railroad purposes. | the James Irvine deed granted the railroad fee title. | |
|---|---|---|---|
| 27A. Dorothy Wheeler Trust & David Harmon | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the James Irvine deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 27B. | Dismiss | Dismiss | Dismiss |
| 28. | Dismiss | Dismiss | Dismiss |
| 29. Gary L. & Melva B. Schmidt | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the August Matter deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 30. Ronald A. & Jody L. Palmer | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the August Matter deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 31A. W. Nevin & Bonita Jean Harmon | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the John Dunlap deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 31B. W. Nevin & Bonita Jean Harmon | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad | The condemnation is irrelevant.  The court must look at the deed only, and the John Dunlap deed granted the | DENY plaintiffs' Motion and GRANT defendant's Motion |

| | | | |
|---|---|---|---|
| | purposes. | railroad fee title. | |
| 31C. W. Nevin & Bonita Jean Harmon | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant. The court must look at the deed only, and the John Dunlap deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 31D. W. Nevin & Bonita Jean Harmon and Randy C. & Paula A. Zink | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 31E. W. Nevin & Bonita Jean Harmon and Randy C. & Paula A. Zink | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 31F. W. Nevin & Bonita Jean Harmon and Randy C. & Paula A. Zink | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 31G. W. Nevin & Bonita Jean Harmon and Randy C. & Paula A. Zink | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 31H. W. Nevin & Bonita Jean Harmon and Randy C. & Paula A. Zink | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 31I. W. Nevin & Bonita Jean Harmon and Randy C. & Paula A. Zink | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 32. Thomas H. | | No objections. | GRANT plaintiffs' |

| Blake | | | Motion and DENY defendant's Motion |
|---|---|---|---|
| 33A. | Dismiss | Dismiss | Dismiss |
| 33B. Triple J of Ankeny, LLC | The Jacob Moeckly deed #1 granted an easement limited to railroad purposes. | The Jacob Moeckly deed #1 granted an unlimited easement. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 34A. Sharon Burt, Karen R. Huggans, Ronald Mayner, Beth Ann Roy & Steve Roy, and Charles Hale | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 34B. Sharon Burt, Karen R. Huggans, Ronald Mayner, Beth Ann Roy & Steve Roy, and Charles Hale | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 35. Wilma N. Adkins | Source deed located at book 94, page 555 applies; grantor held an easement and could only quit claim to the railroad the easement it held. | Chain-of-title indicates that railroad obtained fee title. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 36. Merrill U. & Linda L. Goering | Source deed located at book 94, page 555 applies; grantor held an easement and could only quit claim to the railroad the easement it held. | Chain-of-title indicates that railroad obtained fee title. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 37A. Audre M. Ferrier & B.E. Ferrier | The Jacob Moeckly deed #3 granted an easement limited to railroad purposes. | The Jacob Moeckly deed #3 granted a fee. | GRANT plaintiffs' Motion and DENY defendant's Motion |

| | | | |
|---|---|---|---|
| 37B. Audre M. Ferrier & B.E. Ferrier | The Jacob Moeckly deed #3 granted an easement limited to railroad purposes. | The Jacob Moeckly deed #3 granted a fee. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 38A. James E. & Patricia R. Brady | The Emma Mason deed granted an easement limited to railroad purposes. | The Emma Mason deed granted an unlimited easement. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 38B. James E. & Patricia R. Brady | The Emma Mason deed granted an easement limited to railroad purposes. | The Emma Mason deed granted an unlimited easement. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 39A. Gonner Farms, LLC | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 39B. Gonner Farms, LLC | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 39C. Gonner Farms, LLC | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 39D. Gonner Farms, LLC | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 39E. Gonner Farms, LLC | | No dispute. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 39F. Gonner Farms, LLC | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 39G. Gonner Farms, LLC | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 39H. Gonner Farms, LLC | Plaintiff's property is adjacent to the former railroad right- | N.W. 58th Street frustrates adjacency | DENY plaintiffs' Motion and GRANT |

| | of-way. | requirement. | defendant's Motion |
|---|---|---|---|
| 40. Melvin E. & Karen Flanders | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 41A. Dale A. & Kathleen Barrett | The Peter Sutter deed granted an easement limited to railroad purposes. | The Peter Sutter deed granted an unlimited easement. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 41B. Dale A. & Kathleen Barrett | The Peter Sutter deed granted an easement limited to railroad purposes. | The Peter Sutter deed granted an unlimited easement. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 41C. Dale A. & Kathleen Barrett | The Peter Sutter deed granted an easement limited to railroad purposes. | The Peter Sutter deed granted an unlimited easement. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 42. Raymond J. & Diane Conway | The Peter Sutter deed granted an easement limited to railroad purposes. | The Peter Sutter deed granted an unlimited easement. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 43A. Marion Carlson & Nyra Carlson | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 43B. Marion Carlson & Nyra Carlson | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 43C. Marion Carlson & Nyra Carlson | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 44A. Michael A. & Julianne K. Manock, Jennifer G. Friestad, Jill M. Friestad-Tate & Brian H. Tate | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad | The condemnation is irrelevant. The court must look at the deed only, and the B.D. & R.H Leggett deed | DENY plaintiffs' Motion and GRANT defendant's Motion |

| | purposes. | granted the railroad fee title. | |
|---|---|---|---|
| 44B. Michael A. & Julianne K. Manock, Jennifer G. Friestad, Jill M. Friestad-Tate & Brian H. Tate | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the B.D. & R.H Leggett deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 44C. Michael A. & Julianne K. Manock, Jennifer G. Friestad, Jill M. Friestad-Tate & Brian H. Tate | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant.  The court must look at the deed only, and the B.D. & R.H Leggett deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 45A. Jan-Rose Farm, Inc. | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 45B. | Dismiss | Dismiss | Dismiss |
| 45C. | Dismiss | Dismiss | Dismiss |
| 45D. | Dismiss | Dismiss | Dismiss |
| 46A. Robert C. & Kathleen D. Houge | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 46B. Robert C. & Kathleen D. Houge | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 47. James A. Harp | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |

| | | | |
|---|---|---|---|
| 48. Young Investments, LC | Transfer deed and articles of organization support assertion that Young Investments, LC was owner of the property on the date the NITU was issued. | Plaintiff was not owner of the property on the date the NITU was issued. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 49. Kenneth D. & Rosalie A. Lund | Plaintiff's property is adjacent to the former railroad right-of-way. | N.W. 58th Street frustrates adjacency requirement. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 50A. Charles T. Cownie Trust | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant. The court must look at the deed only, and the Robert L. Clingen deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 50B. Charles T. Cownie Trust | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant. The court must look at the deed only, and the Robert L. Clingen deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 51. Kenneth D. & Rosalie A. Lund | When a condemnation was followed by a deed, the railroad was granted an easement limited to railroad purposes. | The condemnation is irrelevant. The court must look at the deed only, and the Mary J. Murry deed granted the railroad fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 52A. Thomas H. & Deanna K. Jones | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 52B. Thomas H. & Deanna K. | | No objections. | GRANT plaintiffs' Motion and DENY |

| Jones | | | defendant's Motion |
|---|---|---|---|
| 53A. Dale A. & Denise J. Petersen | The David Magraw deed granted an easement limited to railroad purposes. | The David Magraw deed granted fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 53B. Dale A. & Denise J. Petersen | The David Magraw deed granted an easement limited to railroad purposes. | The David Magraw deed granted fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 53C. Dale A. & Denise J. Petersen | The David Magraw deed granted an easement limited to railroad purposes. | The David Magraw deed granted fee title. | DENY plaintiffs' Motion and GRANT defendant's Motion |
| 54A. Thomas Curphey & Richard Martin Curphey | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 54B. Thomas Curphey & Richard Martin Curphey | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 55A. Jissom, Inc. | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 55B. Jissom, Inc. | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 55C. Jissom, Inc. | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 55D. Jissom, Inc. | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 55E. Jissom, Inc. | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |
| 55F. Jissom, Inc. | | No objections. | GRANT plaintiffs' |

| | | | Motion and DENY defendant's Motion |
|---|---|---|---|
| 55G. Jissom, Inc. | | No objections. | GRANT plaintiffs' Motion and DENY defendant's Motion |

IV.   Parcels that defendant stipulates to an entry of summary judgment or the plaintiff agrees to dismiss

Defendant concedes that certain parcels adjoin segments of the rail corridor that Union Pacific operated by condemned easement or by deeded easement limited to railroad purposes only.  Those claimants for whom we grant summary judgment through stipulation are: 31D, 31E, 31G, 31H, 31I, 32, 34A, 34B, 39A, 39B, 39C, 39D, 39E, 39F, 43C, 52A, 52B, 54A, 54B, 55A, 55B, 55C, 55D, 55E, 55F, and 55G.

Plaintiff has agreed to dismiss some of its claims.  We therefore dismiss claims 3, 4, 23, 27B, 28, 43C, 45B, 45C, and 45D.

V.   Parcels that defendant asserts the railroad owned in fee because a deed followed a condemnation

The parties dispute the railroad's ownership of those parcels where the railroad initially acquired its property interest through condemnation, but the owner subsequently executed a deed transferring an interest in the property to the railroad. The court finds for defendant for those properties where a deed reciting a fee simple conveyance followed a condemnation: 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25A, 25B, 26A, 26B, 26C, 27A, 29, 30, 31A, 31B, 31C, 44A, 44B, 44C, 50A, 50B, and 51.

Under Iowa law, condemnation of land for a railroad right-of-way creates an easement for railroad purposes.  *McKinley v. Waterloo Railroad Co.*, 368 N.W.2d 131, 133-35 (Iowa 1985).  The parcels in dispute were condemned; however, the owners also executed deeds following the condemnations.  Plaintiffs characterize the deed as merely affirming the easement, while defendant characterizes the deeds as property transfers completely separate and apart from the condemnation.

The 1853 Iowa Code, ch. 31, § 4 states that if a landowner refuses to grant a right-of-way, the railroad may enter the property and construct tracks after paying the condemnation award.  Pl. Ex. G.  But this statute does not require that the parties record this transaction except for a report by disinterested parties as to the damages. *See Id.*  Yet the parcels at issue have deeds transferring a property interest in addition

to the Notices of Condemnation.  *See* CSUF Ex. I.1- I.7.  It seems more probable that the parties executed this deed to document a separate transaction than to cement the terms of the condemnation.  The parties did not need to execute any document aside from the Notice of Condemnation, so we will treat the extra document as a separate transaction.

In further support of defendant's argument, the consideration stated in the deeds at issue is greater than the consideration stated in each corresponding Condemnation Notice that plaintiff has provided.  *Id.*; D's Reply at 18 n.5.  There could be many explanations for the increased consideration; but at the very least the discrepancy supports the conclusion that the deeded transfer and condemnation were not the same transaction, but rather were two separate transactions.

We reject plaintiffs' assertion of the "compulsory consent" theory developed in *Preseault II*.  The court in *Preseault II* held that, under Vermont law, a railroad with eminent domain power that acquired land by "consent"– a deed purporting to convey a fee simple title – took only an easement because the process was compulsory in nature.  *Id.* at 1536.  The court in *Hash v. United States* did not accept the plaintiffs' compulsory consent argument because it had not proffered "evidence of any greater inequality between the buyer and seller" as to the deeds affiliated with condemnation proceedings versus those that were not.  *Hash v. United States*, 403 F.3d 1308, 1323 (Fed. Cir. 2005).  Plaintiffs in this case have similarly failed to proffer evidence of a greater inequality between the buyers and sellers subject to the condemnation proceedings versus those who were not.  Iowa law specifically allows railroads to acquire fee title through purchase.  *See Watkins v. Iowa Cent. R. Co.,* 98 N.W. 910, 913 (Iowa 1904).  There is no reason that we should not give effect to the separately executed deed.

We now turn our attention to the language in the deeds at issue and find they granted the railroad a fee simple interest.  The John Witner, James Irvine, August Matter, John Dunlap, B.D. and R.H. Leggett, Robert L. Clingen, and Mary J. Murry deeds all use identical language in that they "sell and convey" the "described premises." CSUF Ex. I.1 - I.7  Under Iowa law, this language conveys a fee simple interest.  *See McKinley v. Waterloo Railroad Co.*, 368 N.W.2d 131, 137 (Iowa 1985).

VI.     Parcels that defendant asserts are unlimited easements or fees based on the language of the deed

The parties dispute the interest conveyed by certain deeds.  Specifically, defendant asserts that certain parcels' deeds granted an unlimited easement or a fee, while plaintiffs assert these deeds granted an easement limited to railroad purposes. Plaintiffs primarily rely on three cases to support their argument: two Iowa cases and one Court of Federal Claims case.  These cases indicate that the scope of the

easement is determined by the language as it reveals the intent of the grantors. The cases are discussed below:

In *Macerich Real Estate Co. v. City of Ames*, the Supreme Court of Iowa held the deed at issue granted an easement limited to railroad purposes. The deed read, "[Grantors] hereby sell and convey to the Iowa and Minnesota Railway Company the right-of-way 100 feet in width for a single or double railroad tracks as the same is located through the following lands, to-wit: [legal description]." *Macerich Real Estate Co. v. City of Ames,* 433 N.W.2d 726, 728-29 (Iowa 1988).

In *Estate of Rockafellow v. Lihs,*, the Court of Appeals of Iowa found an easement limited to railroad purposes in the language "[Grantors]. . .give, remise, release, convey and quitclaim to the said Burlington, Cedar Rapids & Minnesota Railway Company for the purpose of constructing a railroad thereon and for all purposes connected with the construction and use of the said railroad the right-of-way for the said road over and through the described tract. . ." *Estate of Rockafellow v. Lihs*, 494 N.W.2d 734, 736 (Iowa App. 1992). The deed also contained a reverter provision which allowed the easement to revert to the grantor when the railroad stopped using the easement. *Id.* at 735.

Defendant argues that the deeds in this case grant unlimited easements because they do not contain reverter clauses. The Court of Federal Claims in *Jenkins v. United States* rejected a similar argument. *Jenkins v. United States*, 102 Fed. Cl. 598 (Dec. 20, 2011). The court reasoned that the Iowa court in *Estate of Rockafellow* had relied on language outside the reverter clause in holding that the deeds at issue granted an easement for railroad purposes only. It concluded that the language in the deeds in *Jenkins*, which contained language similar to the language in the deeds in the case before us, granted an easement limited to railroad purposes.

We now turn our attention to the language in the specific deeds in this case.

The Robert Channon deed, which applies to parcels 31D and 31E, reads, "[Grantor] does grant, sell and convey. . .*for the purposes of constructing a Railroad thereon*, and for *all uses and purposes connected with the use and construction of a Railroad,* the right-of-way for *a Railroad* over and through the following described tract. . .". CSUF Ex. III.1 (emphasis added). Defendant asserts this language granted an unlimited easement. However, as the emphasized portions of the language indicate, the grantor intended to grant an easement limited to railroad purposes.

The Jacob Moeckly deed #1, which applies to parcel 33B, reads, "[Grantor]. . .hereby sell and convey. . .the right-of-way one hundred feet in width *for a single or double railroad track* to the same as located through the following lands to-wit. . ." CSUF Ex. III.5 (emphasis added). Defendant asserts this language granted an unlimited easement. Not only does the emphasized language indicate an intent to

grant an easement limited to railroad purposes, but this language mirrors the language in the deed in *Macerich Real Estate Co.* that the court found to be an easement limited to railroad purposes.

The Jacob Moeckly deed # 2 located at book 77, page 473 applies to parcels 35 and 36 and reads, "[Grantor]. . .do hereby sell and convey. . .the following described *premises*. . ." (emphasis added)  Pls. Reply Br., Ex. J.  This language clearly grants fee simple.  After the Jacob Moeckly transfer, the railroad (through Martin Sykes) quit-claimed this land to Albert Keep in a deed located at book 85, page 315.  Pls. Reply Br., Ex. J.  Albert Keep platted this property as the Town of Crocker; this plat indicates that the depot grounds are 135 feet wide, that all of block 6 is "reserved for railway purposes, including as part of the Depot Grounds," and consists of "WAREHOUSE LOTS."  U.S. Ex. 73.  Albert Keep then quit-claimed the platted Town of Crocker to the Western Town Lot Company, specifying that the grantor was "excepting and reserving them from the Depot grounds of the Des Moines and Minnesota Rail Road, as stated on and shown on the recorded Plat- of the Town of Crocker; and this right-of-way for said railroad Fifty (50) feet in width on each side of the centerline as located and constructed over said land."  Pls. Reply Br., Ex. J. (book 85, page 516).  There is no indication the depot grounds, except for the 50 feet on other side of the centerline, was granted to the railroad as anything less than fee simple.  Furthermore, the language clearly states that the deed was granting a right-of-way to be used for construction of a railroad.  These two facts support plaintiffs' argument that the depot grounds were granted in fee simple and the railroad was granted a right-of-way.

Western Town Lot Company then conveyed its interest through the deed located at book 94, page 555, which states that Western Town Lot Company conveys to the railroad's "successors and assigns forever, all the rights, title, interest, claim, and demand. . .the following described lot or parcel of land. . ."  Def. Mot. Ex. 22.  This transfer of property clearly conveys fee interest, and the two transfers prior to plaintiffs' ownership are not in dispute.  Thus, the chain of title indicates that fee title, except for the right-of-way indicated in Albert Keep's quit-claim deed to the Western Town Lot Company, was ultimately transferred to the railroad.  *Id.*  Since the railroad held an easement limited to railroad purposes and claimants 35 and 36 own their properties in fee simple, the court grants summary judgment for the plaintiffs.

The Jacob Moeckly deed #3, which applies to parcels 37A and 37B, reads, "[Grantor]. . .do hereby sell and convey. . .the following described real estate situated in the County of Polk State of Iowa. . .the *right-of-way for railroad purposes*, one hundred feet (100) in width across the following described real estate to-wit. . ."  CSUF Ex. III.7 (emphasis added).  Defendant asserts that this deed conveyed fee title to the railroad.  Though this deed refers to "real estate," the subsequent language uses the same language as the Jacob Moeckly deed #1 and the *Macerich Real Estate* deed.  Given that the same grantor unequivocally granted an easement in another deed on the same date, May 20, 1880, we think the grantor had a clear intent to grant an easement limited to railroad purposes in this second deed.

- 21 -

The Emma Mason deed, which applies to parcels 38A and 38B, reads, "[Grantor]. . .hereby sell and convey. . .the right-of-way, one hundred feet in width *for a single or double railroad track*, as the same is located through the following lands to-wit..."CSUF Ex. III.8 (emphasis added).  Defendant asserts this language granted an unlimited easement.  However, this language mirrors the language of the deed in *Macerich Real Estate* and similarly grants an easement limited to railroad purposes.

The Peter Sutter deed, which applied to parcels 41A, 41B, 41C, and 42, reads, "[Grantor] does grant, sell, and convey. . .for the *purpose of constructing a railroad thereon* and for all uses and purposes *connected with the construction and use of the railroad*, the right-of-way *for a railroad* over and through the following described tract, piece or parcel of land. . ."  CSUF Ex. III.11 (emphasis added).  Defendant asserts this language granted an unlimited easement.  The emphasized language demonstrates that the grantor intended to limit the right-of-way's use to railroad purposes.

The David Magraw deed, which applies to parcels 53A, 53B, and 53C, reads, "[Grantor] do hereby sell and convey unto the said Des Moines and Minnesota Rail Road Company the following *described premises*, situated in the County of Polk and state of Iowa, to-wit. . ."  CSUF III.12 (emphasis added).  Defendant asserts that this language conveys fee title.  We agree that the use of "premises" in the deed indicates an intent to convey fee title and we grant summary judgment for defendant.

VII.   Parcels that defendant disputes adjacency

Iowa Code § 327G.77(1) states, "If a railroad easement is extinguished under 327G.76, the property shall pass to the owners of the adjacent property at the time of abandonment. If there are different owners on either side, each owner will take to the center of the right-of-way."  Thus, plaintiffs must establish that their property is adjacent to the parcels at issue.  If there is land separating plaintiffs' property from the railroad easement, plaintiffs must proffer evidence that they are still the owner of the underlying intervening property.  *See Notelzah v. Destival*, 537 N.W.2d 687, 692 (Iowa 1995) (holding that the holder of a permanent easement located adjacent to a railroad easement was not an "adjacent" owner entitled to reversion upon abandonment).

Defendant argues that N.W. 58th Street is owned in fee by the County and prevents reversion to claimants 39G, 39H, 40, 43A, 43B, 45A, 46A, 46B, 47, and 49.  We agree that the County owns fee title to N.W. 58th Street; because this land is adjacent to the railroad, plaintiffs are not entitled to any reversionary interest in the parcels.

The intervening highway is N.W. 58th Street; the instruments conveying land are titled "Easement for Public Highway" and the granting clause states that the grantors "do hereby sell and convey...for road purposes and for use as a public highway, the

- 22 -

following described premises..." Pl. Mem. Ex. J.  Though the deed is entitled "Easement for Public Highway," it is significant that there is no reference to a "right-of-way" in the granting clause.  Furthermore, the granting clause uses the word "premises," indicating an intent to grant fee title.  In *Lowers v. United States*, the Supreme Court of Iowa held that the deed at issue granted the railroad fee title when it was titled "Rt. Of Way Deed" and the granting clause conveyed "the following piece or tract of land."  *Lowers*, 663 N.W.2d 408, 411 (Iowa 2003).  We are faced with a similar situation here, and agree with the Supreme Court of Iowa that such language granted the County fee title to the land underlying N.W. 58th Street.

VIII.   Parcels that defendant disputes plaintiff owned on the date the NITU was issued

Defendant objects to ownership of several plaintiffs on the date the NITU was issued; we already resolved all of those claims, except for claimant 48, on other grounds.  As for claimant 48, defendant asserts that "Young Investments, LC" did not own the property at issue on the date the NITU was issued.

We grant summary judgment for defendant for claimant 48 because there is no evidence that "Young Investments, LC" was the owner of this property on the date of the NITU.  The applicable deed conveys the property on December 9, 2012 to "Donald C. Young, Trustee of the Donald C. Young Trust."  CSUF Ex. 48.  Though Donald C. Young is the registered agent of Young Investments, LC, *Id.*, the owner of the property at the time the NITU was issued was "Donald C. Young, Trustee of the Donald C. Young Trust" and not "Young Investments, LC."

IX.   The Court rejects defendant's position regarding the nature of the taking arising from the blocked extinguishment

For those parcels the court finds a taking occurred or to which defendant has stipulated a taking occurred, defendant contends that it is only liable for a taking of an easement for railroad purposes.  This position was recently rejected by the court in *Macy Elevator, Inc., et al. v. United States,* 09-515L (filed June 21, 2012) and we reject defendant's position for the same reasons.  The Supreme Court in *Preseault I* indicated that takings liability would be determined by "what interest petitioners would have enjoyed under [state] law, in the absence of the ICC's recent actions."  *Preseault I*, 494 U.S. at 21.  Because of the NITU, a railroad purposes easement no longer exists- the NITU replaced a railroad purposes easement with an easement authorizing interim public trail use.  But for issuance of the NITU, under Iowa law the easement would have reverted back to plaintiffs upon cessation of railroad operations, and plaintiffs would have enjoyed land unencumbered by any easement.  *See McKinley*, 368 N.W.2d 131. Plaintiffs were deprived of their reversionary rights because of government action, so the government is liable for a taking of unencumbered property.

**CONCLUSION**

For the reasons stated above, the court **GRANTS plaintiffs' Motion for Summary Judgment in part and DENIES plaintiffs' motion in part; and GRANTS defendant's Motion for Summary Judgment in part and DENIES defendant's motion in part** in accordance with the Court's chart in section III.  We also **DISMISS those claims that plaintiffs have agreed to dismiss.**

The parties are ordered to submit a Joint Status Report by September 5, 2012, on further proceedings.

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　 s/ Lawrence M. Baskir
　　　　　　　　　　　　　　LAWRENCE M. BASKIR
　　　　　　　　　　　　　　　　　Judge