# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 09-503L
(Filed: March 12, 2013)

|  |  |
|---|---|
| WILMA N. ADKINS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR RECONSIDERATION**

Pending before the court is the plaintiffs' motion for reconsideration of the court's partial grant of the government's cross-motion for summary judgment with respect to the government's liability for taking an interest in 45 parcels of land in this "Rails to Trails" case.[1] The court is also in receipt of the government's response to the plaintiffs' motion. After consideration of the motion and response, following oral argument, the court finds that reconsideration of some of the court's prior rulings is warranted and that summary judgment for the government should instead be granted to the plaintiffs with respect to the affected parcels.[2]

---

[1] The opinion on which the plaintiffs seek reconsideration was issued by Judge Baskir on July 10, 2012. See Adkins v. United States, No. 09-503L, slip op. (Fed. Cl. July 10, 2012). This case was reassigned on October 11, 2012.

[2] The court's July 10, 2012 opinion contained a table summarizing its findings. In addition to the issues addressed on the merits in this order, the plaintiffs also identify four errors they assert the

1

The applicable standards for reconsideration are set forth in Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"). RCFC 59(a) provides that reconsideration or rehearing may be granted as follows:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). "The court must consider such motion with 'exceptional care.'" Henderson Cnty. Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)). However, "[a] motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)). A movant may not

---

court made in organizing the claims and identifying liability for those claims within the table and in subsequent discussion of the table's content. First, the plaintiffs point out that parcels 25 and 26 should be listed as parcels 25.A and 25.B respectively. Second, the court, according to the plaintiffs, did not include 31.F in listing those parcels obtained by condemnation and to which the government stipulated liability. Third, the court listed parcel 43.C as dismissed despite finding liability for that parcel in the table. Fourth and finally, 33.A is correctly identified in the table as dismissed but then later omitted from the parcels listed as being dismissed. The government, in its briefing and at oral argument, did not oppose these identified inconsistencies. The court, therefore, recognizes these inconsistencies and hereby corrects them consistent with the plaintiffs' statement.

Additionally, the parties previously disputed multiple issues with respect to the government's takings liability for claim 48. At oral argument, the parties indicated that there was agreement that claim 48 falls "within the scope" of the court's finding of liability in the July 10, 2012 decision. As such, the court recognizes the government's takings liability associated with claim 48.

simply reassert arguments made and rejected.  <u>Froudi</u>, 22 Cl. Ct. at 300.  Instead, a movant must show an intervening change in controlling case law, that previously unavailable evidence is now available, or that the motion is necessary to prevent manifest injustice.  <u>Fru-Con</u>, 44 Fed. Cl. at 301.

The court's July 10, 2012 opinion held, in part, that under Iowa law (1) the railroad company acquired fee title to portions of the subject rail corridor when it obtained "fee" deeds for monetary consideration greater than originally assessed under Iowa's condemnation statute and (2) an intervening highway situated between the rail corridor and certain of the plaintiffs' parcels of land was owned by the county in fee, and thus plaintiffs are not adjacent landowners.  Each holding frustrates the plaintiffs' takings claims for the associated parcels[3] and the plaintiffs seek reconsideration of each.  First, the plaintiffs argue that the court misconstrued the subject conveyances by holding that

---

[3] There are four deeds representing 33 parcels of land associated with the first issue.  They are the deeds located at book 33, page 299 (the "Witner deed"); book 33, page 283 (the "Irvine deed"); book 33, page 279 (the "Dunlap deed"); and book 35, page 466 (the "Leggett deed").  There are two form deeds representing 10 parcels associated with the second issue.

In addition to the four deeds associated with the first issue, the plaintiffs erroneously included a fifth deed, located at book 33, page 242, whose interpretation, the plaintiffs initially asserted, would be informed by the court's resolution of this issue.  This deed is relevant to two parcels, 29 and 30.  In response to an order for supplemental briefing the court issued after the March 8, 2013 oral argument, the plaintiffs provided an updated deed that they concede conveys fee to the railroad by its express language.  Pls.' Suppl. Brief. at 2, ECF No. 79.  Unlike the other four deeds, there is no accompanying condemnation associated with this deed.  The deed conveys "premises" without any language of limitation or reference to a right of way or easement.  Pls.' Ex. B, Matter Deed, ECF No. 79-2.  The court finds that this deed falls within the parameters of its July 10, 2012 opinion applying Iowa law to interpret deeds utilizing such language as conveying fee interest.  <u>Adkins</u>, No. 09-503L, slip op. at 22-23.

the railroad obtained fee interests in the corridor when it first condemned easements[4] across the land and then obtained deeds for the same land.[5]  The plaintiffs argue that the deeds did not expand the easement rights secured through the condemnations.[6]  Pls.' Mot. at 3, ECF No. 73.  Second, the plaintiffs argue that the court misapplied Iowa law and in particular the Iowa Supreme Court's decision in Lowers v. United States, 663 N.W.2d 408 (Iowa 2003), when the court interpreted two deeds granted by private parties to Polk County, Iowa as conveying a fee interest in a highway rather than an easement.  The plaintiffs contend that the court should have applied the body of law involving the dedication of public highways, and that had it applied the correct law it would have concluded that the subject deeds conveyed highway easements rather than fees.  If the deeds conveyed only highway easements, the subject parcels would be adjacent to the rail corridor, and therefore improperly dismissed on adjacency grounds.  The court addresses each of these issues below.

> **A.    The court properly determined that the four deeds granted subsequent to the completed condemnations conveyed fee interests to the railroad**

---

[4] It is well settled that land condemned pursuant to the Iowa condemnation statute grants railroads only easements for railroad purposes under Iowa law.  McKinley v. Waterloo R. Co., 368 N.W.2d 131, 133 (Iowa 1985).

[5] That the subject deeds, taken alone, would convey fee interests is not a contested issue in the parties' briefing on the motion for reconsideration.

[6] The plaintiffs argue, in the alternative, that under the "compulsory consent" theory recognized in Preseault v. United States, 100 F.3d 1525, 1535-36 (Fed Cir. 1996), the landowners' original deeds granting interests to the railroad, though fee grants on their face, must be interpreted as granting easements because the landowners were forced to convey the subject land under Iowa's condemnation statute.  Pls.' Mot. Reconsideration at 16-20.  The court rejected this argument in its original July 10, 2012 opinion, Adkins, No 09-503L at 19.  The court has most recently rejected this same argument in Rasmuson v. United States, No. 09-158L, 2013 WL 507688 at *8 (2013).  The court finds no basis for reconsidering this holding.

> **in the subject corridor.**

The court finds that the July 10, 2012 opinion provides a correct interpretation of the subject deeds and properly concluded that the deeds conveyed fee title to the rail corridor to the railroad. The court held that the condemnations and the subsequent deeds constituted separate transactions ultimately conveying fee interests in the corridor to the railroad and that therefore the plaintiffs did not lose any reversionary rights in the corridor when it was converted for trail use. Adkins, 09-503L, slip op. at 18-19.

It is not disputed that the railroad, pursuant to the Iowa condemnation statute, completed condemnations for each of the subject parcels and that the plaintiffs received payment for these easements. It is also not disputed that the separate consideration was paid by the railroad for the fee interests conveyed in the subsequent deeds. The court reasoned from these facts that the greater consideration provided in exchange for the fee deeds supported the government's contention that the deeds were the product of a negotiated transaction to convey fee title in the same land. Id. In their motion for reconsideration, the plaintiffs echo the same arguments that they made in their initial briefing on this issue in contending that the court should have held that the subsequent fee deeds merely memorialized the easements obtained through the condemnations. Pls.' Reply at 4, ECF No. 75.

After careful consideration, the court concludes once again that the condemnations and the subsequent fee deeds represented two separate transactions that left the railroad with fee title to the railroad corridor. Condemnations are complete under Iowa law upon payment of the condemnation award to the local sheriff and not, as the plaintiffs seem to

argue, upon the sheriff's delivery of the payment to the landowner. Iowa Stat. 1873, Ch. 4 §§ 1244, 1253. Here, pursuant to the Iowa condemnation statute, the railroad appraised the subject land and delivered the appraisal amount to the local sheriff, thereby completing the condemnations.[7] Iowa law does not require railroads to obtain deeds to perfect rights in land condemned under the relevant statute. Iowa Stat. 1873, Ch. 4 § 1253. After the condemnations were complete, certain landowners apparently negotiated for higher sums and signed deeds granting fee title to the rail corridor to the railroad.

These facts demonstrate that the deeds represented separate transactions conveying fee title to the railroad under Iowa law. First, as stated, the condemnations were completed upon delivery of the appraisal amounts to the sheriff—thus the deeds were not part of the condemnation process. This is confirmed by the fact that each of the deeds speaks in terms of conveying "premises," which in Iowa grants fee interest, and the fact that the railroad paid substantially more consideration for the acquired land than the appraised value in the condemnation.[8]

These facts distinguish this case from Ruppert v. Chicago Ohio & St. Joseph Railroad Co., 43 Iowa 490, 493 (1876), where the Iowa court held that once a

---

[7] This is consistent with the court's recent holding in Rasmuson v. United States, No. 09-158L, where the court held that condemnations are not complete under Iowa law until the subject land is appraised and the appraisal award and report are delivered to the local sheriff. 2013 WL 507688, at *10 (Fed. Cl. Feb. 8, 2013).

[8] The plaintiffs argue that the deeds' higher consideration merely reflect greater negotiated sums for the easement interests already obtained by the railroad through the condemnations. The plaintiffs do not explain, however, why deeds that are not limited to rights-of-way were then granted. The Iowa condemnation statute contains express provisions for the process by which landowners may appeal the appraised value of their land in connection with condemnations. Iowa Stat. 1873, Ch. 4 § 1254. The landowners involved with the original deeds did not follow this process. Rather, they apparently agreed to provide a fee in exchange for more money.

condemnation is complete a subsequent deed for an easement does not convey any additional property rights.  In Ruppert, the plaintiff executed to the railroad a "deed of a right of way" after the "whole right of way was acquired [by the railroad] by the condemnation."  Id.  The grantor, in attempting to convey the "right of way" by deed, could not do so because the railroad had already acquired that same "right of way" by condemnation.  Id.; see also McKinley 368 N.W.2d at 133 (interpreting property interests obtained by railroad condemnation as easements).  Here, in contrast, the subsequent deeds by their plain terms provided the railroad with greater rights (i.e. fee title) than those already obtained by the railroad through the completed condemnations (i.e. easements).  Indeed, the plaintiffs themselves note that the landowners received a payment for both the condemnation and for the deeds.  This evidence confirms that there were two separate transactions.  It is for all of these reasons that the court finds that each condemnation/deed pairing represented separate transactions and that the prior decision holding that the railroad owned the corridor in fee was proper.  The plaintiffs' motion for reconsideration of this holding is therefore **DENIED**.

> **B.     The deeds granting the public highway to Polk County conveyed those interests as easements and not as fees.**

The court has reexamined the subject deeds and the relevant Iowa law governing the dedication of land to municipalities for public highways.  In light of this review, the court finds that it is proper to reconsider the previous holding regarding the nature of the public highway deeds granted to Polk County.

The two deeds, both titled "Easement for Public Highway," each contain the following granting language:

> [Grantors] . . . do hereby sell and convey unto the Polk County, Iowa, for road purposes and for use as a Public Highway, the following described premises situated in the County of Polk, state of Iowa, to wit [legal description].

Pls.' Ex. J., ECF No. 43-12 (emphasis added). The Iowa Supreme Court in <u>Lowers</u> interpreted a railroad deed captioned "Rt. of Way Deed" and containing granting language that "grant[ed] and convey[ed] . . . the following piece or tract of land" to a railroad as conveying a fee interest. 663 N.W.2d at 410. Within the context of the railroad deed, the <u>Lowers</u> Court held that (1) the granting clause in the body of the deed did not convey an easement because there was no limiting or qualifying language in the grant itself and (2) the particular caption used on the deed did not serve to limit the interest conveyed. <u>Id.</u> at 411. In its previous decision, the court applied the <u>Lowers</u> holdings to the subject highway deeds to find that despite use of the word easement in the deed caption, the highway was granted in fee to Polk County. As a result, the plaintiffs' takings claim failed for lack of adjacency.[9] <u>Adkins</u>, No. 09-503L at 23.

The plaintiffs argue that the court erred in applying <u>Lowers</u> to construe the subject deeds granting county roads. They contend that Iowa applies a wholly separate body of law to the interpretation of conveyances for public highways. Specifically, the plaintiffs assert that "the test as to whether a street or road conveys an easement or fee depends on whether the street or road is inside or outside an incorporated city or town." Pls.' Mot. at 22. Plaintiffs rely on <u>Town of Kenwood Park v. Leonard</u>, 158 N.W. 655, 658 (Iowa

---

[9] Iowa Code § 327G.77(1) states: "If a railroad easement is extinguished under 327G.76, the property shall pass to the owners of the adjacent property at the time of abandonment. If there are different owners on either side, each owner will take to the center of the right-of-way."

1916) to support this view.  In Kenwood Park, the Iowa Supreme Court held that the filing of a plat dedicating a highway to an unincorporated village conveys only an easement.  Id.  Since there is no dispute that the subject road conveyed by the deeds in this case is not located within an incorporated city or town, the plaintiffs argue, the town received only an easement and plaintiffs own the underlying fee title to the highway.  The plaintiffs assert, therefore, that the plaintiffs are adjacent landowners.

The government argues that the roads at issue here were dedicated by deeds and not by plats, rendering Kenwood Park inapplicable.  Instead, the government contends, the court should interpret the deeds in light of the Lowers decision, which, as stated, involved the interpretation of a railroad deed.

After careful consideration, the court agrees with the plaintiffs that Lowers is inapplicable to the subject highway deeds and that the court must instead apply the separate body of Iowa law applicable to the interpretation of public highway dedications.[10]  Under Iowa law, the dedication of land for use as a road or public highway conveys only an easement when granted to an unincorporated town.  Kenwood Park, 158 N.W. at 658.  The government's attempt to cabin Kenwood Park's holding by distinguishing the dedication of public highways by plat from dedication by deed misinterprets Iowa law.  Iowa does not require dedication through the filing of a plat.  Dedications of a public highway can be established in "any conceivable way" so long as

---

[10] The court notes that while Lowers itself includes citations to Iowa case law and statutory authority applicable to contexts outside of railroad deed interpretation, the government could not point to any authority where Iowa courts applied Lowers (or other authority interpreting railroad conveyances) outside of the railroad context, let alone with regard to public road and highway dedications.

there is clear evidence of the intent to dedicate such roads. Dugan v. Zurmuehlen, 211 N.W. 986, 988 (Iowa 1927) (citing Carter v. Barkley, 115 N.W. 21, 22 (Iowa 1908)). A plat and a deed, within the context of public road conveyances, are merely two different means of dedicating the same interest. As such, Kenwood Park is not inapplicable as the government contends.

Moreover, Iowa case law evinces a strong state policy in favor of interpreting dedications of public highways and roads as easements rather than as fee grants. See, e.g. Dierksen v. Pahl, 190 N.W. 423, 426 (Iowa 1922) ("It is well established that the laying out of a public highway creates an easement only on the land, and that the owner of the parcel is not thereby divested of this title to the property."). Kenwood Park further reflects this policy wherein dedications through plats are interpreted as fees only in cases where (1) the grantee is an incorporated town and (2) the town accepts the public road through ordinance or resolution. 158 N.W. at 658-59.

Given the Iowa law governing public highways, it is clear that the public highway deeds at issue in this case granted easements rather than fees. The two identical deeds are specifically captioned "Easement for Public Highway." The granting language states that the easements are "for road purposes and for use as a Public Highway." The plain language therefore demonstrates an intent to grant only easements.[11] As such, the court agrees with plaintiffs that the government is liable for taking plaintiffs' property interests

---

[11] This finding is in accord with Burrow v. Woodbury Cnty., 200 N.W. 460, 461 (Iowa 1925), which referred to an instrument titled "Easement for Public Highway" as an "easement deed."

for those ten parcels adjacent to the public highway abutting the railroad corridor.[12] The plaintiffs' motion for reconsideration of this holding is therefore **DENIED**.

### C. Conclusion.

For the foregoing reasons, plaintiffs' motion for reconsideration is hereby **GRANTED**-in-**PART** and **DENIED**-in-**PART**.

As discussed at oral argument, the schedule for completion of discovery now set in Rasmuson v. United States, 09-158L and Jenkins v. United States, 09-241L shall also apply to this case.

**IT IS SO ORDERED.**

s/Nancy B. Firestone<br>
NANCY B. FIRESTONE<br>
Judge

---

[12] The associated parcels are 39.G, 39.H, 40, 43.A, 43.B, 45.A, 46.A, 46.B, 47, and 49.